IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**RONALD DOYLE CROW,**      ]
                            ]
   Petitioner,           ]
                            ]
vs.                         ]   Case No.:    2:12-cv-8008-RDP-RRA
                            ]                2:06-cr-0514-RDP-RRA
**UNITED STATES OF AMERICA,** ]
                            ]
   Respondent.           ]

## MEMORANDUM OPINION

The Magistrate Judge entered a Report and Recommendation recommending that the § 2255 Motion to Vacate be denied. No objections have been filed. The court has considered the entire file in this action, together with the Report and Recommendation, and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved.

Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the Magistrate Judge as the findings and conclusions of the court.[1] The

---

[1] The court notes that Defendant avers that he is actually innocent and that this defense precludes application of the 1-year statute of limitation to his § 2255 motion. That argument misses the mark. Under federal law, a defendant cannot assert actual innocence by arguing that the perceived minor in his case was a private citizen, rather than a law enforcement officer. Federal law does not require there to be an actual minor victim to sustain a conviction for attempt under §§ 2251, 2422, and 1470; rather, the law requires only that the defendant believe a minor is involved. *United States v. Norrell*, 437 Fed.Appx. 881, 883 (11th Cir. 2011). Further, other circuits have drawn no distinction between stings conducted by law enforcement officers and similar operations conducted by private citizens, *see United States v. Morris*, 549 F.3d 548, 550 (7th Cir. 2008) ("The reported cases all involve law enforcement officers posing as minors, whereas the initial girl impersonator in ths case was a private citizen. But we cannot see what difference that could make."), and the court finds those decisions persuasive.

motion to vacate is due to be denied.  An appropriate order will be entered.

    **DONE** and **ORDERED** this ____9th____ day of August, 2012.

                                                  **R. DAVID PROCTOR**
                                                  UNITED STATES DISTRICT JUDGE